UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RONALD A. ILGEN,

                         Plaintiff,              06-CV-6656

              v.                                 **DECISION**
                                                 **and ORDER**

JO ANNE B. BARNHART, Commissioner
of Social Security

                         Defendant.

_____

<u>INTRODUCTION</u>

     Plaintiff Ronald A. Ilgen ("Ilgen") brings this action pursuant to Title II of the Social Security Act, § 201 et. seq. (codified at 42 U.S.C. § 401 et. seq.) claiming that the Commissioner of Social Security improperly denied his application for disability benefits.[1] Specifically, Ilgen alleges that the decision of an Administrative Law Judge ("ALJ") finding that he was disabled from February 10, 1997 but not earlier as claimed on November 10, 1993 was erroneous because it was not supported by substantial evidence in the record.

     The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. Ilgen opposes the defendant's motion, and cross-moves for

_____

     [1] This case (formerly civil case 04-CV-0921(E)) was transferred to the Honorable David G. Larimer by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated December 27, 2006. Judge Larimer transferred this case to the undersigned on January 18, 2007.

judgment on the pleadings. Because the Court determines that the findings of the Commissioner are supported by substantial evidence, judgment on the pleadings is hereby granted in favor of the defendant.

## BACKGROUND

On October 10, 1996, plaintiff Ronald Ilgen, at the time a 38 year old former construction worker, applied for Social Security disability benefits, claiming that he had become unable to work as of November 10, 1993 because of schizoaffective disorder. Ilgen's application was denied initially and on reconsideration. Thereafter, Ilgen requested an administrative hearing before an Administrative Law Judge which took place on June 11, 1998. Plaintiff did not feel able to attend the hearing but was represented by counsel and by his treating psychiatrist, Dr. Dadabheik Singh.

In a decision dated October 27, 1998, the ALJ found that Ilgen had been disabled since February 10, 1997 and therefore was entitled to receive Social Security benefits. Ilgen, however, claimed that he should have been found disabled from November 10, 1993, and requested a review of the ALJ's decision. Ilgen's appeal of the ALJ's decision to the Social Security Appeals Board was denied on March 16, 1999.

Thereafter, Ilgen commenced a civil action in the United States District Court for the Western District of New York. By Order dated February 22, 2001, the case was remanded to the Commissioner with the instruction to provide a functional capacity

assessment of Ilgen's ability to perform mental-related activities between November 10, 1993 and February 9, 1997. The Appeals Council vacated the Commissioner's decision and remanded the case to the ALJ on August 20, 2001. A hearing was held on August 8, 2002. Plaintiff again did not feel able to attend the hearing but was represented by counsel. A vocational expert was also present. On September 21, 2002 the ALJ issued her decision, finding that Ilgen was not disabled between November 10, 1993 and February 9, 1997 because he could perform his past relevant work as a construction worker. Ilgen's appeal of the ALJ's decision to the Social Security Appeals Board was denied, and Ilgen filed this action on November 19, 2004.

DISCUSSION

I.   Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) this limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding a reviewing

Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that her decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because the Court determined that the findings of the Commissioner are supported by substantial evidence, judgment on the pleadings is hereby granted for the defendant.

II.   The Commissioner's decision to find Plaintiff disabled from February 10, 1997 but not before was supported by substantial evidence in the record.

Plaintiff contends that the ALJ erred by not adopting the opinion of plaintiff's treating psychiatrist Dr. Singh from April 14, 1998, which stated that plaintiff had been totally

disabled since November, 1993 (Transcript of Administrative Proceedings at page 141) (hereinafter "T."). The ALJ properly noted, however, that Dr. Singh had not treated Ilgen between 1993 and 1995, a time period which includes plaintiff's alleged disability onset date (T. 64). Psychiatrist Norma C. Panahon treated plaintiff during that time. In March 1994, Dr. Panahon reported that plaintiff "is maintaining a good remission" and that his "thoughts showed no signs of psychosis." (T. 267). In June 1994 Dr. Panahon reported that plaintiff "continues to maintain excellent remission" (T. 266). In October 1994 plaintiff saw psychiatrist D. P. Fajardo and reported that he was "doing well" and was "able to function" (T. 265). In February 1995 Dr. Panahon stated that plaintiff "appears to be in good touch with reality" (T. 264) and in May 1995 Dr. Panahon reported that plaintiff was "doing well" and "doesn't have any evidence of psychosis" (T. 263). When Dr. Singh resumed treating plaintiff in August 1995 he reported "excellent remission" and "no overt signs of psychosis" (T. 262). Dr. Singh's reports of "excellent remission" continued in November 1995, February, April, July, and October 1996, and January 1997 (T. 258-61). Evaluating the record as a whole, it was proper for the ALJ to discount Dr. Singh's medical opinion about a time period when he either did not treat plaintiff or reported that plaintiff was in excellent remission and find that plaintiff was not disabled between November 10, 1993 and February 10, 1997.

Plaintiff also contends that Dr. Singh's report of October 29, 1996 which states that plaintiff "cannot maintain level of

responsibility, attendance punctuality of job" should have been given controlling weight (T. 231). This report, however, conflicts with Dr. Singh's other medical evidence in the record. The most recent clinic note prior to this report is from October 15, 1996, which states that plaintiff is in "excellent remission" and "did not offer any complaints" (T. 258). Furthermore, Dr. Singh admitted at the July 1998 hearing that his treatment notes during the relevant period did not show any positive findings of overt mental illness (T. 85).

Plaintiff also contends that the ALJ erred by not allowing plaintiff's lawyer to pose certain questions to the vocational expert at the hearing held on August 8, 2002. The lawyer's question involved how plaintiff would handle criticism from supervisors. (T. 360). The ALJ's refusal to allow the question was based on the vagueness of the terminology used (T. 360). It is proper for the ALJ to request that questions posed to the vocational expert be more specific. Therefore, the ALJ's refusal to allow this question from plaintiff's lawyer was proper.

Lastly, plaintiff contends that the vocational expert did not provide any support that plaintiff's past relevant work as a construction worker would be low stress or involve minimal contact with others, two limitations imposed by the ALJ. Plaintiff specifies that the Dictionary of Occupational Titles does not specify the amount of public contact required or the stress level. The ALJ, however, relied on the testimony of the vocational expert to find that plaintiff would have been able to perform his past

relevant work. Because plaintiff did not challenge the vocational expert's credentials, it was proper for the ALJ to rely on him in this case.

<u>CONCLUSION</u>

I find that the ALJ's conclusion that plaintiff was disabled from February 10, 1997 but not earlier was not erroneous because it was supported by substantial evidence in the record. Therefore, I grant defendant's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.


S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:     Rochester, New York
           January 23, 2007